# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia           :
                                    :
         v.                   :   No. 66 C.D. 2019
                                      :   Submitted: August 9, 2019
Steve Frempong,            :
               Appellant    :

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED:  October 4, 2019**

Steve Frempong (Appellant), *pro se*, appeals two orders of the Court of Common Pleas of Philadelphia County (trial court), dated December 10, 2018.  The first order denied Appellant's Petition for Special Injunction to Vacate Acknowledgement and Transfer of Sheriff's Deed (Injunction Petition) and the second order acknowledged that Appellant had withdrawn his Motion to Redeem Premises (Motion to Redeem).  For the reasons that follow, we quash Appellant's appeal.

In 2013, the City of Philadelphia (City) filed an amended tax petition against Appellant for unpaid real estate taxes on Appellant's property at 6661 Cornelius Street in Philadelphia (the Property).  On June 27, 2017, the trial court granted the City's petition and entered a decree to sell the Property at sheriff's sale.  On August 23, 2018, DHI Holdings LP purchased the Property at sheriff's sale

and then directed tenants at the Property to cease paying rent to Appellant. On September 18, 2018, Appellant filed the Motion to Redeem, which alleged that the sale of the Property was not yet complete and requested that the trial court stay all actions related to the sale (including acknowledgement, delivery, and recording of the deed) pending a hearing on the Motion to Redeem. Six days after Appellant filed the Motion to Redeem, the sheriff acknowledged the deed.

Appellant then filed the Injunction Petition on October 4, 2018, seeking to vacate the sheriff's acknowledgement of the deed and "stay the transfer of deed to DHI Holding[s LP]." (Reproduced Record (R.R.) at 25a.) The trial court held a hearing on the Injunction Petition on December 10, 2018. At the hearing, the trial court stated that it would dismiss the Injunction Petition on the merits, after which Appellant voluntarily withdrew the Motion to Redeem:

> [APPELLANT]: . . . . But if you [deny the Injunction Petition], can you withdraw our [Motion] to [R]edeem?
>
> THE COURT: You're withdrawing your [Motion] to [R]edeem?
>
> [APPELLANT]: Today, yeah.
>
> . . . .
>
> THE COURT: I guess you're going to withdraw your [M]otion to [R]edeem, and I'm denying the [Injunction Petition]. Anything else we want to talk about?
>
> [APPELLANT]: No, Your Honor. Thank you, Your Honor.

(R.R., Hr'g Tr. at 6-8.)

At the conclusion of the hearing, the trial court issued the orders subject to this appeal, which denied the Injunction Petition and acknowledged, for

2

administrative purposes, Appellant's withdrawal of the Motion to Redeem. In its subsequent opinion filed pursuant to Pa. R.A.P. 1925(a), the trial court explained that it dismissed the Injunction Petition because Appellant had failed to show that the requested injunction was necessary to prevent immediate and irreparable harm. In support of that conclusion, the trial court reasoned that the transfer of the Property and any harm resulting therefrom was complete before the sheriff acknowledged the deed and before Appellant filed the Motion to Redeem. The trial court also emphasized that Appellant retains the right of redemption for nine months after that transfer, such that he is in no worse position because of the transfer. Finally, the trial court concluded that Appellant waived any claim of error related to his Motion to Redeem by voluntarily withdrawing it at the hearing.

On appeal, Appellant asserts that the transfer of the Property was not complete until the sheriff acknowledged the deed, before which point Appellant had the right to prevent the transfer altogether by filing the Motion to Redeem. Appellant insists that the trial court should have granted the requested injunction to vacate the acknowledgement and otherwise prevent transfer of the Property. He argues that permitting the transfer during the pendency of the Motion to Redeem produces irreparable harm because the costs to redeem the Property from DHI Holdings LP after the transfer are much higher than the costs to redeem from the City, as trustee, before the transfer. Finally, Appellant claims that he withdrew his Motion to Redeem only when it became moot as a result of the trial court's failure to issue an injunction preventing the transfer of the Property.

It is undisputed that Appellant voluntarily withdrew the Motion to Redeem. Appellant concedes that he filed the Injunction Petition only "to protect the objective of his Motion to Redeem." (Appellant's Br. at 8.) The Injunction

Petition, on its face, confirms that it relies entirely on the purported legal effect of the Motion to Redeem:

> 8. On September 24, 2018[,] *in flagrant disregard to the pending Motion [t]o Redeem* . . . [,] the [s]heriff acknowledged the . . . [d]eed.
>
> 9. The action taken by the [s]heriff and subsequent transfer of [the d]eed will [cause] immediate and irreparable harm to [Appellant's] property interest that cannot be compensated by damages.
>
> . . . .
>
> 12. . . . *[T]he filing of the Motion [t]o Redeem . . . prior to the [s]heriff's acknowledgment of the . . . [d]eed deprived the [s]heriff any [sic] legal right to said acknowledgment of the . . . [d]eed.*"

(R.R. at 29a-30a (emphasis added).)

When Appellant withdrew the Motion to Redeem, he voluntarily abandoned the only legal basis for the Injunction Petition, and he was not aggrieved by the trial court's orders denying the Injunction Petition and acknowledging withdrawal of the Motion to Redeem. "[W]here a person is not adversely affected in any way by the matter challenged, he is not aggrieved and thus has no standing to obtain a judicial resolution of that challenge." *Hosp. & Healthsystem Ass'n of Pa. v. Dep't of Pub. Welfare*, 888 A.2d 601, 607 (Pa. 2005); *see also Police Pension Fund Ass'n Bd. v. Hess*, 562 A.2d 391, 394 n.5 (Pa. Cmwlth.) (quashing appeal of party not aggrieved), *appeal denied*, 569 A.2d 1371 (Pa. 1989).

4

Accordingly, we quash the instant appeal, and we neither address the merits of Appellant's arguments nor review the trial court's orders.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia :
:
v. : No. 66 C.D. 2019
:
Steve Frempong, :
Appellant :

# **O R D E R**

AND NOW, this 4th day of October, 2019, the appeal of Steve Frempong from the orders of the Court of Common Pleas of Philadelphia County is QUASHED.

_____
P. KEVIN BROBSON, Judge